UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00160-JAW |
| | ) | |
| MALCOLM A. FRENCH, et al. | ) | |

**ORDER ON SEALING AND REDACTION**

On November 16, 2016, this Court issued an order denying the Defendants' motion for new trial. *Order Den. Mot. for New Trial* (ECF No. 734) (*Order*). In the order, the Court observed that the parties had filed all documents under seal, and it expressed substantial unease about whether the order and the parties' documents should remain under seal in light of *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013). *Id.* at 51, n.13. The Court ordered the parties to inform the Court within seven days whether they object to the unsealing of the order, and it ordered the parties to file redacted copies of the documents to protect the identities of Juror 86 and the juror's son. *Id.*

On November 17, the Government filed a letter indicating no objection to the unsealing of the documents and order and stating that its filings did not reveal any potentially redactable information. *Letter from Joel B. Casey, AUSA to John A. Woodcock, Jr., U.S.D.J.* (Nov. 17, 2016) (ECF No. 743). On November 21, 2016, Kendall Chase filed a letter indicating no objection to the unsealing of the order and stating that he would file redacted copies of the documents within 14 days of the date of the order. *Letter from Att'y Leonard I. Sharon to United States District Ct.* (Nov.

18, 2016) (ECF No. 747). On November 23, 2016, Rodney W. Russell filed a letter indicating no objection to the unsealing of the order so long as the attorneys for Malcolm French and Kendall Chase complied with the redaction order. *Letter from Att'y William Maddox to United States District Ct.* (Nov. 23, 2016) (ECF No. 749).

On November 22, 2016, Malcolm French filed a letter objecting to the unsealing of the order. *Letter from Att'y Thomas F. Hallett to United States District Ct.* (ECF No. 748) (*French Opp'n*). On December 1, 2016, Haynes Timberland, Inc. filed a letter summarily joining in Mr. French's objection. *Letter from Att'y Thomas S. Marjerison to United States District Ct.* (ECF No. 756).

In Mr. French's objection, he writes that the Court's order "provides a 'road map' for the juror at issue to avoid a finding of bias or dishonesty simply by following the 'road map.'" *French Opp'n* at 1. He notes that the Court's order is now on appeal and argues that, "[t]o the extent defendants are successful on appeal, it would be a gross miscarriage of justice if the Order were accessed by the juror, or counsel for the juror, and the juror's testimony was conformed to the court's analysis set forth in the Order." *Id.* He warns that at the least, "it could lead to further litigation on the issue." *Id.* In other words, he states, "Defendant may suffer significant prejudice if the Order itself is made public." *Id.* He assures the Court that "the need for court proceedings [to be made public] will not suffer significantly since upon a final resolution of the juror issue the Order can then be made public." *Id.*

Setting aside defense counsel's calculated hyperbole, the Court is skeptical that unsealing its order will result in the "gross miscarriage of justice" he fears. First,

2

the defense counsel's position assumes that the unsealing of the order will result in its publication in the news media, a possibility given the wide publicity in this case, but not a likelihood. Although the prosecution, trial, and sentencing of the Defendants were reported locally, the Court is unaware that any of its multiple post-verdict court orders have been reported. Second, it assumes that if the media reported on the order, the reports would be sufficiently specific to alert Juror 86 that she was the subject of the order. Third, it assumes that if the media reported the details of the order and Juror 86 became aware of the specifics, the reports would be sufficiently detailed to provide her with a litigation "road map." Fourth, it assumes that, absent an unusually detailed accounting of the order in the media, Juror 86 would access the actual order to familiarize herself with the so-called road map. Fifth, it assumes that the First Circuit Court of Appeals will find it necessary to address the issues in the order in detail. Sixth, it assumes that if the First Circuit discusses those issues, the Defendants will prevail. Seventh, it assumes that the First Circuit's discussion of the issue raised in the motion will not provide Juror 86 with the same litigation roadmap contained in the order. Eighth, it assumes that, if they prevail on this issue, the First Circuit will remand the case for an evidentiary hearing. Ninth, it assumes that Juror 86 would be called to testify at any remanded hearing. Tenth, it assumes that if Juror 86 were called to testify, she or her attorney would not be entitled to review the contents of the Court's order before her testimony.

On this last point, any evidentiary hearing would presumably take place well more than three years after the voir dire itself, and as the Court noted in its order,

3

there is "no indication that Juror 86 has given jury selection a moment's thought" since the January 8, 2014 voir dire. *Order* at 44. Furthermore, as the Court also noted, "deliberately lying during voir dire is a crime." *Id*. at 48. Upon being made aware that there is an order from the district court on this very issue, Juror 86 or her counsel would no doubt demand to see it before she testified, and the Defendant's argument assumes that the Court would forbid the revelation of the order despite demand for access by Juror 86 or her counsel.

Eleventh, it assumes that Juror 86 would testify at all, given her potential criminal exposure. Twelve, if she testifies, it assumes that the Court would not prefer to allow the Defendants to cross-examination Juror 86 based on her prior knowledge of the contents of the order than to deprive her of the knowledge that everyone in the courtroom, save her and her attorney, would have. Finally, as regards defense counsel's warning about "further litigation" if the order and filings are made public and the case is later remanded for an evidentiary hearing, the Court is quite confident that there will be plenty of further litigation either way, if it all goes that far. In other words, to result in any prejudice—much less significant prejudice—to the Defendants, a series of improbables must take place.

*Kravetz* stands against the Defendants' speculative worries. In *Kravetz*, the First Circuit addressed the scope of the public's common law right of access to criminal proceedings. The *Kravetz* Court determined that there is a common law right of access to "judicial records," which it defined as "materials on which a court relies in determining the litigants' substantive rights." 706 F.3d at 54. The First

4

Circuit observed that "[a]ccess to judicial records and documents allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system." *Id.* at 56–57 (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) (quoting *In the Matter of Continental Ill. Secs. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984)) (internal quotation marks omitted). Indeed, where documents are part of a court's determination of "the litigants' substantive rights," there is a "presumptive right of access." *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002). The First Circuit observed that both the public and the press "enjoy a constitutional right of access to criminal proceedings under the First and Fourteenth Amendments." *Id.* at 10. In *Kravetz*, the First Circuit carved out some narrow exceptions to the presumption of public access, including discovery materials not made part of the judicial process or third-party personal privacy interests. *Kravetz*, 706 F.3d at 53–56, 62–63. In assessing whether a document should be sealed, the First Circuit wrote that "'only the most compelling reasons can justify non-disclosure of judicial records' that come within the scope of the common-law right of access." *Id.* (quoting *In re Providence Journal*, 293 F.3d at 10 (quoting *Standard Fin. Mgmt.*, 830 F.2d at 410)). If a decision is made to seal a record, the First Circuit also directed the district courts to make specific findings on the record, explaining the basis for the sealing. *Id.* at 60.

Here, Mr. French and Haynes Timberland are objecting not merely to the unsealing of the memoranda and documents supporting the memoranda, but also to the unsealing of the Court's order denying their motion for new trial. The Court is

5

unaware of any authority—and the objecting Defendants cited none—that would allow the Court to hide an order on a motion for new trial in a criminal case from the public and the press. Also, the authority that would allow the Court to seal the memoranda submitted to influence the content of the order is extremely restricted. In balancing the two interests, the Court concludes that the Defendants' hypothetical strategic concerns must bend to the presumptive public right of access. *See id.* at 63 ("The harm claimed, potential 'guilt by association,' is without substantiation and is little more than a fear of adverse publicity, which is insufficient to defeat public access") (internal citations omitted).

This is not to say that the parties should release all of the documents unredacted. The *Kravetz* Court expressly approved of the practice of redaction to protect privacy interests. *Id.* at 62–63 ("[R]edaction constitutes a time-tested means of minimizing any intrusion on [privacy] right[s]") (citation omitted). This is precisely what the Court contemplated in its November 16, 2016 order. *Order* at 51, n.13.

In short, the Court OVERRULES the objection of Malcolm French and Haynes Timberland, Inc. to the unsealing of the Court's Order Denying Motion for New Trial (ECF No. 734) and ORDERS that the Order be unsealed immediately. The Court further ORDERS the parties to file redacted copies of all pleadings and documents associated with the November 16, 2016 Order to protect the name of Juror 86 and her son and ORDERS the parties to file such redacted copies within two weeks of the date of this Order. The Court DISMISSES as moot Defendant Kendall Chase's Motion to Stay Unsealing of Order Denying Motion for New Trial (ECF No. 755), Defendant

Malcolm French's Joinder in Defendant Kendall Chase's Motion to Stay Unsealing of Order Denying Motion for New Trial (ECF No. 757), and Defendant Rodney Russell's Joinder in Defendant Kendall Chase's Motion to Stay Unsealing of Order Denying Motion for New Trial (ECF No. 758).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2017